Li v. Whitaker

BIA
A073 132 519

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>             *Circuit Judges.*
_____

ZHANG LI, AKA QIANG LI,
>             *Petitioner,*

>    v.                                          15-2226
                                                 NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>             *Respondent.*
_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney General;
                         Russel J.E. Verby, Senior

1

Litigation Counsel; Elizabeth R. Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhang Li, a native and citizen of the People's Republic of China, seeks review of a June 16, 2015, decision of the BIA denying his motion to reopen as untimely and number barred. *In re Zhang Li,* No. A073 132 519 (B.I.A. June 16, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). As an initial matter, contrary to Li's contention, the agency applied the correct burden when considering his motion to reopen. *See id.* at 168; *cf. Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 68-69 (2d Cir. 2002) (concluding that BIA did not apply a more stringent burden of proof than a well-founded fear because its language that an

2

applicant had not shown "that he would be subject to persecution upon his return to China . . . simply fault[ed] the applicant for failing to show that any of [his] actions would even potentially subject [him] to persecution upon his return to China.").

Li moved to reopen his exclusion proceedings to apply for asylum, alleging a fear of persecution in China on account of the births of his U.S. citizen children in violation of China's population control program and his religious practice. It is undisputed that Li's motion to reopen was untimely and number barred because it was his second motion to reopen filed almost 20 years after his deportation order became final. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These time and numerical limitations do not apply, however, if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."

3

8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For largely the same reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that Li failed to demonstrate a material change in conditions related to the enforcement of China's population control program as needed to excuse the untimely and number barred filing of his motion. *See* 546 F.3d at 159-66, 169-73 (noting that country conditions evidence from 1998 to 2007 indicated that enforcement of the family planning policy was generally lax in Fujian Province, but that there were isolated reports of force being used). Nor did the BIA err in finding no material change in conditions as to the Chinese government's treatment of Christians since Li's 1994 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe
                                          Clerk of Court

04122018-10